Dissenting Opinion.
Manning, O. J.
Tucker, Garter & Oo. had obtained judgment in 1873 against R. T. Keene for $5,500 with interest on a mortgage note, and the mortgage was decreed to be executory. In April, 1874, the mortgaged property was sold for taxes, and was purchased by the plaintiffs, and the deed of the tax collector was executed and recorded. In May the Tucker firm caused execution to issue to enforce their judgment, and the property (a plantation in Carroll parish) was seized. Its sale was arrested by an injunction, in which the plaintiffs claim title to the property under the tax collector’s deed, and possession as owners.
The seizing creditors, who with the sheriff are defendants, answer that the plaintiffs’ title was inchoate, and could not be complete until six months had elapsed from the date of the tax-deed and the Auditor had executed his confirmatory title, and during this period the owner had the right of redemption, and they as his creditors could exercise his right. They allege a tender made by them to the plaintiffs on behalf of Keene of the sum necessary to redeem the property which was refused, and aver that Keene has fraudulently colluded with one Tibbetts, who was the payee of the note and from whom they obtained it, to defeat their rights. They then attacked the tax sale for alleged in-formalities. This answer was filed in August 1874.
In fact, no tender or offer to redeem had then been made as alleged, but early in October following, one day before the expiration of six months from the tax sale, an offer to redeem was made by the counsel of the Tucker firm in the name of Keene. The plaintiffs replied to this offer, that if the counsel who made it really represented Keene they would accept it and reconvey the property to him, but they disputed the fact of such representation, whereupon the counsel admitted that he did not represent Keene, but only the mortgage creditors and one *333 Sprague. In truth, the allegations that Keene was offering through him to redeem the property, and that Keene was fraudulently colluding with Tibbetts to prevent a redemption, and thus cut off the creditors’ mortgage, are inconsistent.
It does not appear to mo to be a proper construction of the legislative acts concerning tax titles, that the purchaser’s deed from the tax collector is inchoate in such sense as to authorize it to be disregarded, and a seizure to be lawfully made of the property as if it belonged to the former owner. Where a purchaser has such title and has judicial possession, the same rule applies in my opinion as in judicial sales. Such purchasers are expressly declared by the law to be the owners of the property, and the sale is to have the same force and effect, and be as binding to all intents and purposes on the former owner as a sale made in any j udicial proceeding to enforce the payment of a previous debt. Sess. Acts 1873, p. 180 ; Jurey v. Allison, 30 Annual, 1234. The title from the tax collector is to be held and recognized by the courts as valid in law, and upon its presentation in court it is the duty of the judge to order the sheriff to put the party in possession. Ibid. p. 100. The fact that the owner has a given time in which to redeem makes the title precarious in this, that it is liable to be divested by a redemption, but if not redeemed before the Auditor gives the confirmatory title, the right of redemption is lost.
The mortgage creditor has the same right to redeem the property that the owner has. It is true that the law conferring that right in express terms was not passed until after the time when these proceedings were had. Sess. Acts 1875, p. 34. But the right existed independent of that enactment. It would be monstrous that a debtor, by refusing or neglecting to pay the taxes upon his property, should be able to rid it of mortgages through a tax sale, and refusing to redeem it, could debar Ms creditor who had a special lien upon it from redeeming it also. The debtor might have no interest in redeeming it. The incumbrances might exceed in amount the value of the property. The mortgage creditor has a right to prevent the loss of the security for his debt by re-imbursing the purchaser what he has paid out with the additional charges sanctioned by the laws.
There does not appear to be any .question made as to the kind of offer made by the creditors, whether it was a tender in the sense of the Code or not. It was made within the time allowed for redemption, and therefore the creditor should not lose the benefit of it, but I think he was not authorized to disregard the tax sale and proceed against the property as if no sale had taken place, and therefore such proceeding ■was rightfully injoined. He has the right to avail himself of the tender, made within time, in other proceedings to compel its acceptance, and *334 make bis offer of redemption effectual for the preservation of his mortgage.
In my opinion the judgment of the lower court maintaining the injunction should be affirmed, reserving the defendants’ right to proceed in another form to compel the plaintiffs to permit them to redeem the property, if they be legally entitled thereto.
Rehearing refused.